GRANITE AUTO LEASING CORPORA-TION, Plaintiff-Appellee,

v.

CARTER MANUFACTURING COMPA-NY et al., Defendants-Appellants.

No. 75–2471.

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1977.

---

Ollie B. Butler, Jr., Tampa, Fla., for P. & M. Carter.

Jary C. Nixon, Tampa, Fla., Tary L. Nixon, Pensacola, Fla., for plaintiff-appellee.

* District Judge for the Western District of Louisiana, sitting by designation.

Before MORGAN and GEE, Circuit Judges, and HUNTER, District Judge.*

LEWIS R. MORGAN, Circuit Judge:

This diversity action involves a contractual dispute over the sale and leaseback of four vehicles used in the harvesting of citrus fruit. The purchaser/lessor of the machines—Granite Auto Leasing Corp.—brought the action alleging that the seller-lessee—Carter Manufacturing Co.—had defaulted in its lease payments.[1] The district court granted summary judgment for the plaintiff Granite.

Carter does not deny that it entered into the lease agreements or that it stopped making payments to Granite. The foundation for Carter's defense to the action and also for a counterclaim against Granite is the allegation that Granite was obliged to furnish Carter with certificates of title to the vehicles to enable Carter to obtain registration and license tags for them. Carter claims Granite failed to provide the certificates, with the result that the vehicles could not be driven on public roads and were useless to Carter.

The record indicates that Carter repeatedly requested that Granite supply the certificates of title to the vehicles. Paul Carter's deposition outlines an extended course of dealing between Granite and Carter about the problem of the certificates, including numerous telephone conversations, some written correspondence, and some transfers of documents. The record does not make clear whether Granite accepted responsibility for obtaining the certificates; however, the record is susceptible of the interpretation that whether or not Granite recognized any such responsibility, it did not cooperate fully with Carter.

In the motion for summary judgment, Granite discounted the materiality of this course of dealing regarding the certificates. It argued that a Florida statute put the obligation to obtain the certificates on Car-

1. Paul Carter and Maude Carter were made defendants because they gave personal guarantees of the lease obligations.

ter and that another Florida statute would have permitted Carter to obtain authority to operate the vehicles on the state's roads even without certificates of title.

The district court, without citing either of these statutes and without alluding to any other authority, granted the plaintiff's motion for summary judgment, concluding that "Defendant had the obligation to obtain title in the name of Granite Leasing Equipment Corporation" and that "the Defendants could have obtained registration to the vehicles . . .."

The first statute relied upon by Granite and presumably held controlling by the district court reads in relevant part:

> In the case of the sale of a motor vehicle by a dealer to a general purchaser or user, the certificate of title shall be obtained in the name of the purchaser by the dealer upon application signed by the purchaser, and in all other cases such certificate shall be obtained by the purchaser.

Fla.Stat.Ann. § 319.23(5) (1968).

We do not have the benefit of the district court's thinking regarding the exact relationship between the statute and the Carter-Granite transaction. In order properly to conclude that the statute is dispositive of the case, however, certain propositions must be accepted. One must decide first that Carter, the manufacturer of the vehicles, is a "dealer" within the meaning of the statute and that Granite is a "general purchaser or user";[2] second, that the statute necessarily would void any contractual or agency arrangement between the parties calling for Granite to obtain the certificates;[3] and third, that any uncooperative conduct by Granite would be immaterial, even if that behavior were a material factor in Carter's inability to comply with its purported statutory duty.

The district court has given us nothing of its analysis regarding any of these matters. When an order granting summary judgment is "opaque and unilluminating as to either the relevant facts or the law with respect to the merits of [a] claim," *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972), an appellate court has no basis upon which to affirm the judgment. Until we have before us a fuller explication of the relevant law and its relation to the facts here, we cannot affirm the grant of summary judgment on the basis of section 319.23(5).

Nor can we agree that the other Florida statute[4] relied upon by Granite disposes of the case. Granite argues this other statute would have allowed Carter to mitigate its damages because the statute, in Granite's view, would have permitted Carter to obtain permission to operate the vehicles on Florida roads even without certificates of title. Again, the district court's order seems to be based in part on this statute, but the statute is not cited. Even assuming Granite is right that Carter could have availed itself of the statute—and we are unwilling to so conclude on the basis of this record—we are unable to understand why a mitigation-of-damages contention regarding the Carter counterclaim should justify *summary judgment* on that counterclaim. And we find it even more difficult to imagine why the contention would dispose of Carter's affirmative defense to Granite's action. Mitigation of damages would appear immaterial to whether Granite had breached an agreement with Carter or prevented Carter from carrying out a statutory responsibility to obtain the certificates of title, thereby arguably relieving Carter of the duty to make further lease payments.

We are compelled by the unilluminating character of the district court's order to send this case back to that court for further consideration of the motion for summary judgment. Perhaps upon further examination of the issues the court will decide that

---

2. The statute has received very little attention from the Florida courts. Thus, these determinations may be very difficult for a district court to make.

3. Common law agency principles arguably would allow Granite to agree to act as Carter's agent in obtaining the certificates of title.

4. Fla.Stat.Ann. § 320.02 (1968).

summary judgment is appropriate. We suspect, however, that a more ample record will be necessary in order to evaluate correctly the relationship between the relevant Florida statutory law and the facts of this case and that the district court therefore will require a trial. *See McPhee v. Oliver Tyrone Corp.*, 489 F.2d 718, 721 (5th Cir. 1974); *NLRB v. Smith Industries, Inc.*, 403 F.2d 889, 893 (5th Cir. 1968). In particular, the court likely will want the benefit of a full exploration of Granite's role, if any, in Carter's certificate of title problems.

REVERSED and REMANDED.