Marie **ESTES**, Plaintiff,

v.

Patricia **HARRIS**, Secretary of Health and Human Services, Defendant.

No. C–3–79–336.

United States District Court,
S. D. Ohio, W. D.

April 27, 1981.

Daniel L. Manring, Barkan, Barkan & Neff Co., L.P.A., Columbus, Ohio, for plaintiff.

Joseph E. Kane, James E. Rattan, Asst. U. S. Attys., Columbus, Ohio, for defendant.

DECISION AND ENTRY ADOPTING REPORT OF MAGISTRATE IN ITS ENTIRETY; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SUSTAINED; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OVERRULED; JUDGMENT TO PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

RICE, District Judge.

## I. INTRODUCTION

This matter is before the Court pursuant to Defendant's objection, under 28 U.S.C. § 636(b)(1)(C), to the Magistrate's recommendation that Plaintiff's Motion for Summary Judgment be granted. Defendant has filed two memoranda in support of her motion, but before attention is directed to the contentions raised therein, a synopsis of the history of this case is appropriate.

On January 24, 1977, Plaintiff Marie Estes filed her application for disability insurance benefits, claiming that she had been disabled, since May 23, 1973, due to a

back injury. On April 20, 1977, her claim was denied, and Plaintiff then filed a request for reconsideration. Upon reconsideration, her claim was again denied, and on September 8, 1977, Plaintiff filed a request for hearing. A hearing was held before an Administrative Law Judge (hereinafter ALJ) on June 19, 1978, at which time Plaintiff appeared with her attorney. In addition to Plaintiff's testimony, evidence was received from a medical advisor and a vocational expert. On June 30, 1978, the ALJ issued a decision, finding that although Plaintiff suffered from mild degenerative arthritis and degenerative disc disease of the lumbar spine, she was not prevented from engaging in substantial gainful activity. Thus, the ALJ concluded that Plaintiff was not entitled to disability insurance benefits. Plaintiff, on August 1, 1978, requested that the Appeals Council review the decision of the ALJ. On August 17, 1978, the Appeals Council affirmed the ALJ's denial of benefits.

Plaintiff filed her complaint in this Court on October 12, 1978, and prior to the filing of her answer, the Government moved to remand the action to the Secretary, due to delays encountered in obtaining the claim file. On March 19, 1979, the Court granted remand, and Plaintiff was permitted by the Appeals Council to submit additional evidence. After consideration of the new evidence, the Appeals Council determined, on June 18, 1979, that no change in the prior decision was warranted. Initially, on September 10, 1979, almost three months after the decision of the Appeals Council, the Secretary filed her notice of completed remand proceedings and an answer to Plaintiff's complaint. In the former pleading, the Secretary indicated that a motion for summary judgment would follow shortly.

The administrative transcript was filed with the Court on September 18, 1979, followed by Plaintiff's Motion for Summary Judgment on October 12, 1979. On January 8, 1980, after the lapse of the time permitted for the filing of Defendant's memorandum contra Plaintiff's Motion for Summary Judgment, the Magistrate issued an Order, requiring Defendant to show cause why

Plaintiff's motion should not be granted. Defendant submitted a response in accordance with the order, on January 29, 1980, basically maintaining that any judgment entered would be a default judgment, against the United States, which was specifically prohibited by Fed.R. of Civ.Pro. 55(e). Defendant did not, however, offer any explanation for the delay in filing her motion for summary judgment or the accompanying memorandum.

On February 4, 1980, the Magistrate issued his report, recommending that Plaintiff's motion for summary judgment be granted. In that report, the Magistrate indicated that, although he did not intend to recommend the entry of a default judgment against the Government, he would nonetheless not permit the Defendant to obstruct the Court in the expeditious disposition of cases on its calendar. Then, the Magistrate concluded, after an examination of the pleadings and transcript, that the Secretary's decision was not supported by substantial evidence.

Defendant finally filed her Motion for Summary Judgment and accompanying memorandum on February 8, 1980. On February 13, 1980, Defendant filed a motion and memorandum asking this Court to review the Report of the Magistrate, contending that his recommendation should be disregarded due to the Magistrate's failure to specifically discuss the manner in which the Secretary's decision was unsupported by substantial evidence. Again, Defendant maintained that the Magistrate's action was in reality an impermissible default judgment, citing as evidence the fact that the Magistrate had also recommended identical summary judgments for Plaintiffs in four other pending cases where the Secretary had failed to file motions for summary judgment.

On July 15, 1980, the within case was transferred to the docket of this Judge, who on October 8, 1980, remanded the case to the U. S. Magistrate for the purpose of allowing him to set forth the basis or bases for his recommendations. On November 10,

1980, the Magistrate then filed a document titled "Reasons for Report and Recommendation," in which he indicated that he had scrutinized the pleadings, and had compared Plaintiff's detailed arguments and factual references to the administrative transcript. Through this review, the Magistrate concluded that Plaintiff's references were correct, and further, that there was not substantial evidence in the record to support the Secretary's decision. The Magistrate noted particularly that he relied upon the factual and legal arguments as set forth in Plaintiff's Motion for Summary Judgment and the Memorandum in support of said motion.

On November 25, 1980, Defendant objected to the above document, indicating that these reasons still did not establish an adequate foundation for an order reversing the Secretary's decision. Defendant once more stressed the default nature of the Magistrate's recommended decision. In addition, Defendant maintained that the Magistrate erred in adopting the Plaintiff's arguments by reference.

The primary issues then, as disclosed above are: (1) whether the Magistrate's report constituted an improper default judgment under Fed.R. of Civ.Pro. 55(e); and, (2) whether this Court should disregard the Magistrate's Report due to the alleged failure of the Magistrate to provide a specific foundation for his conclusion that the Secretary's decision was not supported by substantial evidence. However, before addressing the legal issues involved herein, the Court wishes to emphasize that, in analyzing the sufficiency of Defendant's objections, a comprehensive and searching scrutiny of the entire record has been made. In addition, the Court has analyzed these legal arguments and factual references expressly raised by Defendant in her Motion for Summary Judgment and accompanying memorandum, although such consideration was certainly not required, in light of the untimely filing of those documents. With these points in mind, the Court now turns to a discussion of the pertinent legal issues disclosed above.

## II. DEFAULT JUDGMENT UNDER FED.R. OF CIV.PRO. 55(e)

As indicated above, Defendant has repeatedly contended that acceptance of the Magistrate's Recommendations would constitute a default judgment against the Secretary, in violation of Fed.R. of Civ.Pro. 55(e). Fed.R. of Civ.Pro. 55(e) provides that:

> No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the Court.

Several circuits have considered whether default judgments could appropriately be entered against the Secretary where she had failed to file motions for summary judgment or supporting memoranda. In *Williams v. Califano*, 593 F.2d 282 (7th Cir. 1979), the Court noted that, under 42 U.S.C. § 405(g), the factual findings of the Secretary are conclusive if supported by substantial evidence. From this, the Court concluded that a default judgment could properly be granted only if the record indicated a lack of substantial evidence to support the Secretary's decision. Thus, for purposes of Rule 55 default, "evidence satisfactory to the Court" could only mean compliance with the review standard established by § 405(g). This approach has been followed by other jurisdictions as well. *Carroll v. Secretary of Health, Ed. and Welfare*, 470 F.2d 252 (5th Cir. 1972) (remanded because default judgment entered where no administrative transcript filed); *Alameda v. Secretary of Health, Ed. and Welfare*, 622 F.2d 1044 (1st Cir. 1980).

In *Poe v. Mathews*, 572 F.2d 137 (6th Cir. 1978), the district court had entered a default judgment against the Secretary because of his failure to file the administrative transcript. The Court of Appeals remanded the case, holding that since no evidence had been presented, the Plaintiff could not have established his right to relief under Fed.R. of Civ.Pro. 55(e). However, implicit in the Court's decision is an indication that a default judgment may be proper where the Court has been provided with an

opportunity to consider the administrative record.

■ Consequently, even if the Court accepts Defendant's contention that the Magistrate in essence recommended a default judgment against the Secretary, such an action, under the circumstances of this case, would not violate either Fed.R. of Civ.Pro. 55(e) or any legal precedent established by the cited authorities. Unlike, *Carroll, supra*, and *Poe, supra*, an administrative transcript was filed in the present case, from which record the Magistrate was able to expressly conclude that the Secretary's decision was not supported by substantial evidence. Further, although a transcript had been filed, in *Alameda, supra*, an analysis of the district court opinion below, *Santiago v. U. S. Secretary of Health, Ed. and Welfare*, 463 F.Supp. 759 (D.P.R.1979) (vacated 622 F.2d 1044 (1st Cir. 1980)), indicates that the lower court, in granting the default judgment, did not even consider the administrative record.

Defendant has also contended that the Magistrate's Report is fatally defective because the Magistrate adopted by reference the legal arguments and factual references contained in Plaintiff's memorandum in support of her Motion for Summary Judgment. Although this issue will be treated in greater detail later in the opinion, a few comments from *Alameda, supra*, are appropriate at this point. In that case, the Secretary failed to file any brief with the district court; consequently, a default judgment was summarily entered against the Government. Although the Court of Appeals remanded the case due to the lower Court's failure to consider the administrative record, it did indicate the appropriateness of an approach such as that taken herein by the Magistrate. Specifically, the Court stated that:

> We think that the somewhat more relaxed review contemplated by Rule 55(e) would allow a court in a case where a brief from the Secretary is not forthcoming to rely on a claimant's brief pointing out the lack of sufficient evidentiary support in the administrative transcript for the Secretary's conclusion.

... We would not easily set aside the judgment if the entry of default was justified and the claimant's district court brief and reference to the record appeared relevant, fair and reasonably comprehensive. If the brief should entirely lack these virtues or refer to evidence supporting the Secretary's decision that was clearly "substantial," we would have no choice but to reverse.

*Id.* at 1049.

■ Assuming, then, for purposes of this opinion, that the Magistrate's Report did recommend a default judgment, an application of the above standard indicates that the Magistrate did not act improperly by adopting the factual and legal arguments already present in Plaintiff's Memorandum. As already noted, the Court has reviewed the transcript, and has carefully analyzed the factual references made by both Plaintiff and Defendant. Plaintiff's memorandum, upon which the Magistrate relied, does extensively document the lack of substantial support in the record for the Secretary's decision, and does appear to be a relevant, comprehensive, and fair treatment of the administrative record. Consequently, even if the Magistrate is viewed as having recommended a default judgment, the process he utilized comports with the only pertinent authority this Court has been able to find.

■ However, the Magistrate's recommendation is *not* considered, either in effect or in actuality, as having proposed the entering of a default judgment against the Secretary. Initially, the Court notes that the Magistrate emphatically denied in both his initial Report, and the later "Reasons for Report and Recommendations," that he intended to recommend the issuance of a default judgment. In fact, the Magistrate explicitly shared in both documents that he had analyzed the pleadings and administrative transcript, and had not discovered substantial evidence therein for the Secretary's decision. Moreover, the Court is of the opinion that in Social Security cases, little discretion can be drawn between a default judgment and the granting of a motion for

summary judgment. Because 42 U.S.C. § 405(g) will, in either event, require a determination by the Court of whether substantial evidence exists to support the Secretary's decision, *Carroll, supra, Williams, supra,* the procedural characterization of the vehicle by which that analysis is obtained matters little. The only arguable difference that might occur would arise only if the standard of review for a default judgment could be viewed as being less stringent than that required for summary judgment. Although *Alameda, supra,* suggests a lesser standard for default judgments, this Court does not view the method described in that case, and used herein by the Magistrate, as entailing an inferior approach to that traditionally held necessary for disposition of summary judgment motions. This issue will, however, be treated in greater detail below. Accordingly, based on the preceding analysis, the Court finds that the magistrate did not recommend the entering of a default judgment against the Secretary.

## III. NECESSITY OF SPECIFIC FOUNDATION FOR MAGISTRATE'S CONCLUSIONS

■ Defendant has also contended that the Magistrate's Report should be rejected because the Magistrate failed to provide an adequate basis for his conclusion that the Secretary's decision was unsupported by substantial evidence. The Magistrate did indicate that he had adopted the legal arguments and factual references contained in the memorandum submitted by Plaintiff in support of her motion for summary judgment. Defendant, however, has argued that such a "blanket adoption by reference" is improper, and cites as authority the case of *Malveaux v. Mathews,* 542 F.2d 647 (5th Cir. 1976), modified 546 F.2d 108 (5th Cir. 1977). An analysis of that case, however, furnishes no support for Defendant's objection to "blanket adoption." Initially, the Court notes that there is no indication in *Malveaux* that the district court followed the legal reasoning and factual arguments contained in a memorandum submitted to the court. In fact, the court of appeals in that case expressly indicated that the district court had furnished no reason for its decision. That situation may be distinguished from the present case, wherein the Magistrate explicitly agreed with the factual and legal references already set forth in the Plaintiff's memorandum. What Defendant essentially is requesting from this Court or the Magistrate is a redundant recitation of the facts and legal arguments contained in Plaintiff's memorandum. The Court, however, does not believe that such a futile exercise is required by Fed.R. of Civ. Pro. 56, or by the prevailing case law.

As has already been noted, the technique employed by the Magistrate has been approved by one Circuit in the context of a Fed.R. of Civ.Pro. 55(e) default judgment. *Alameda, supra.* This Court has, in addition, indicated its belief that, due to the review required by 42 U.S.C. § 405(g), little distinction can be made between the scrutiny required for a default judgment and that necessary upon consideration of a motion for summary judgment, as in either case a plaintiff will have to establish that the Secretary's decision is not supported by substantial evidence. Consequently, the Court does not find that a significant function would be served by constricting the magistrate in a more severe manner than that obtained in the *Alameda, supra,* decision, particularly where the only benefit thereby obtained would consist of the needless repetition of arguments which have already been made by Plaintiff, and which were strictly scrutinized by the Magistrate prior to his decision.

Furthermore, the Court does not believe that such an approach as Defendant suggests is either warranted or mandated by Fed.R. of Civ.Pro. 52(a), which provides that "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 41(b)." As this case does not involve an involuntary dismissal under Fed.R. of Civ.Pro. 41(b), no findings of fact or conclusions of law are required. However, this Court does recognize that, generally, some guidance should

be provided to an appellate court, in order that the lower court judgment can be properly reviewed. *Granite Auto Leasing Corp. v. Carter Manufacturing Co.*, 546 F.2d 654 (5th Cir. 1977). Unlike the decision in the cited case, the Court does not believe that the Magistrate's Report herein is "opaque and unilluminating as to either the relevant facts or the law with respect to the merits of the claim." *Id.* at 656 (citations omitted). As was previously emphasized, the basis for the Magistrate's decision can readily be determined by reference to Plaintiff's well-reasoned memorandum. Further, the Court's own careful analysis of the record has indicated that the Magistrate and the Plaintiff are correct in their conclusion that no substantial evidence exists in the record to support the decision of the Secretary. Thus, no legitimate purpose would be served by an independent, but repetitive summary of Plaintiff's memorandum.

In the specific context of Social Security benefit cases, the court in *Gardner v. Bishop*, 362 F.2d 917 (10th Cir. 1966) stated that:

> At the outset, we should comment that although there is no rule or statute requiring a federal district judge to express his reasons for a decision in this type of case, it is certainly a better judicial practice for him to do so. This is of particular importance in cases where the trial judge reverses the decision of the Secretary, as was done here because we have no other means of knowing the legal basis of the court's decision in such cases.

*Id.* at 918. This concern was also labeled by the Court in *Celebrezze v. Zimmerman*, 339 F.2d 496 (5th Cir. 1964). Again, however, the Court stresses that reasons for the Magistrate's recommendation herein may be readily ascertained by reference to another document of record. Consequently, the Court finds that the Magistrate's Report sufficiently complies with the requirements of Fed.R. of Civ.Pro. 52(a), and should therefore be adopted, based upon the reasoning set forth in the *De Novo Review* section, below.

## IV. DE NOVO REVIEW

As indicated in the preceding analysis, the Court is of the opinion that the Magistrate's adoption of Plaintiff's legal and factual arguments was a correct approach and did not constitute a recommendation for a default judgment under Fed.R. of Civ.Pro. 55(e). Further, even assuming the characterization of the Magistrate's recommendation as one for default judgment, the Court has illustrated that the technique utilized by the Magistrate complied with relevant case law and with the review requirements of 42 U.S.C. § 405(g). Exhaustive treatment has been afforded to these legal issues because of the significant number of cases pending in this Court which have involved similar recommendations by the Magistrate. A further concern has been this Court's desire to provide guidance for both the Magistrate and the Secretary, in the event of future untimely filings by the Government. Additionally, the Court is cognizant of its responsibility to thoroughly evaluate the claims of all litigants, and fully inform all parties concerning the reasons for decisions rendered. Finally, the Court has been motivated to engage in detailed analysis in order that an adequate basis may be furnished for appellate review.

These considerations also, however, mandate an articulation of the reasons underlying the Court's conclusion that the decision of the Secretary was not supported by substantial evidence. Consequently, in order to finally lay Defendant's objections to rest, and to fulfill the review obligation of 28 U.S.C. § 636(b)(1)(C), the Court now turns to an analysis of the record as it relates to the decisions of the Secretary and the ALJ.

Plaintiff is a forty-seven year old woman, who filed for disability benefits on January 24, 1977, claiming that due to back injuries, she had been unable to work since May 23, 1973 (T. 132, 135). In order for Plaintiff to be found eligible for benefits, her disability must have occurred on or before September 30, 1976, the last date upon which she was insured for disability insurance benefits (T. 35). Plaintiff has completed the fifth grade

in school, and her relevant work experience consists of jobs as a grocery store clerk, nurse's aide, and a machine operator for a manufacturer of paper products (T. 16). Plaintiff was initially injured at work in September, 1969 (T. 16, 59), and received further injuries in automobile collisions on July 2, 1971, and on March 24, 1972 (T. 17, 242). These latter accidents involved injuries to the left shoulder, cervical and lumbar spine, and the middle back (T. 242).

The ALJ found that while the claimant had a physical impairment of mild degenerative arthritis and degenerative disc disease of the lumbar spine, she nevertheless retained the capacity to perform light and sedentary work. In reaching this conclusion, however, the ALJ totally disregarded the opinions of Plaintiff's treating physicians, who stated on many occasions that Plaintiff was disabled and could not perform substantial gainful employment (T. 212, 216, 225, 243). Although the Court is aware that a physician's opinion of disability is not binding upon the Secretary, *LeMaster v. Weinberger*, 533 F.2d 337 (6th Cir. 1976), the ALJ is not permitted to ignore expert medical opinion. In fact, the Sixth Circuit has held that:

> [W]hile an expert medical opinion as to disability to engage in substantial employment is admissible for consideration by the Hearing Examiner, and not, in itself, binding upon him, nevertheless, if such opinion is not controverted by substantial evidence to the contrary, the Hearing Examiner's decision adverse to such expert medical opinion must be set aside. *Colwell v. Gardner*, 386 F.2d 56, 72 (6th Cir. 1967).

█ The only "evidence" which the ALJ cited in support of his rejection of the opinions of Plaintiff's treating physicians, was the testimony of the Government's medical advisor (T. 20). As the medical advisor had never examined Plaintiff, the Court does not feel that his opinion constitutes substantial evidence overruling the opinions of Dr. Pavlatos, Dr. Remmetter, and Dr. Billmyre. *Landers v. Weinberger*, 490 F.2d 1187 (8th Cir. 1974). The ALJ also stated

that he chose to reject the assessments of the latter two doctors because they were not supported by specific and complete clinical findings (T. 20). Although this Circuit has held that the absence of objective evidence to support a medical conclusion is a proper factor to be considered in the denial of disability benefits, *Walters v. Gardner*, 397 F.2d 89 (6th Cir. 1968), such absence may not be the controlling factor. *Whitt v. Gardner*, 389 F.2d 906 (6th Cir. 1968). As the ALJ's decision herein appears premised upon the absence of objective medical data, it must be viewed as erroneous. Furthermore, contrary to the ALJ's finding, the record does contain specific findings to support the conclusions of Plaintiff's treating physicians. Dr. Billmyre's report indicates that full spinal X-rays illustrated "structural misalignments of the upper and mid thoracic and upper lumbar areas (T. 216). Moreover, although Dr. Remmetter did not conduct extensive clinical studies, he did treat Plaintiff for several years on an almost weekly basis (T. 225). Consequently, the findings of Dr. Remmetter should be treated with particular deference, as he was a treating physician intimately familiar with Plaintiff's case.

█ Further, the conclusions reached by Plaintiff's doctors are not contradicted by other evidence of record. The only other pertinent medical report contained in the record is that of Dr. Meyers, who performed a consultative examination on July 9, 1977, at the Government's request (T. 221–222). Dr. Meyers found mild osteoarthritic changes in the lumbosacral spine, and diagnosed Plaintiff's condition as a chronic low back syndrome (T. 222). These findings support, rather than contradict, the medical conclusions reached by Plaintiff's physicians. Dr. Meyers did indicate sedentary employment would be desirable, but this conclusion, by a non-treating physician is not considered by the Court to be substantial evidence contradicting the overwhelming contrary opinions of Plaintiff's treating physicians. *Branham v. Gardner*, 383 F.2d 614 (6th Cir. 1967).

The ALJ also rejected Plaintiff's assertions of disability pain by stating that:

Consideration has also been given to the claimant's allegations of severe debilitating pain. In order for pain to be considered disabling, such pain must be substantiated by probative medical evidence, be inadequately responsive to reasonable medical management, and be at a level of severity that, in combination with documented impairments, has resulted in a debilitated functional capacity incompatible with the performance of any substantial gainful work activity (T. 20).

In reaching this determination, the ALJ applied an erroneous legal standard to Plaintiff's subjective complaints of pain. In *Miracle v. Celebrezze,* 351 F.2d 361 (6th Cir. 1965), the Court stated that:

If a person is unable except under great pain to engage in any substantial gainful activity in which he might be employable, taking into consideration his age, training, work experience · and physical and mental capacities, then he is deemed disabled for purposes of the Social Security Act. *Even pain unaccompanied by any objectively observable symptoms, which is nevertheless real to the sufferer and so intense as to be disabling,* will support a claim for disability benefits. The fact that there is such a subjective symptom as pain of claimant for social security benefits does not mean that it ranks as a lesser type of disability.

*Id.* at 374. (Emphasis added, citations omitted.) This approach was also followed in *Branham, supra,* wherein the Court held that pain need not be demonstrated by objective clinical and laboratory findings. Thus, the ALJ erred in his conclusion that Plaintiff's pain must be substantiated by probative medical evidence in order to be considered disabling.

Further, the ALJ also indicated that the medical findings did not provide an adequate foundation for Plaintiff's chronic severe pain (T. 20). Again, this statement is a misapplication of relevant legal standards. A recent case, *Beavers v. Secretary of Health, Ed. and Welfare,* 577 F.2d 383 (6th Cir. 1978), considered the effect of pain where the medical evidence did "not show a

serious injury or disease which would readily account for the existence of disabling pain." *Id.* at 385. There, the Court found that the credibility of the claimant was an important factor in the disability determination, and further stated that:

There is no requirement that the underlying medical basis for subjective complaints of pain clearly indicate that such pain would be inevitable. If that were the case, there would be no occasion for subjective, personal testimony in a disability hearing ... Pain is a highly subjective phenomenon, and each person has an individual "threshold of pain" beyond which he or she is unable to ignore pain and function normally.

*Id.* at 386.

Although this Court is cognizant of the deference ordinarily given to the trier of fact, *Beavers, supra,* the ALJ in the present case did not indicate a belief that Plaintiff's testimony was not credible. The only remark made by the ALJ in this regard was the statement in his decision that "claimant's demeanor at the hearing was not indicative of severe and constant discomfort" (T. 20). However, this observation disregards the fact that Plaintiff pointedly expressed discomfort during the hearing (T. 78), and was permitted to finish her testimony while standing (T. 82). Moreover, an analysis of the transcript indicates that there is not sufficient evidence therein to support the ALJ's conclusion that Plaintiff's description of her daily activity was not consonant with a theory of persistent pain. Plaintiff testified that she left her job in 1973 because she "hurt all the time" (T. 60), and described the pain as a constant ache (T. 61). Plaintiff also stated that she presently still suffers from the same constant ache (T. 61). Plaintiff also testified to having severe headaches since 1971, at a frequency of one to three times per week (T. 66). Plaintiff further indicated that since she had been injured, she had to discontinue her social activities (T. 42), that she could do some light housework, but had to rest between exertions (T. 74, 75, 76), that she could not carry a normal bag of

groceries (T. 81), that she had trouble doing her hair because of pain in her shoulders (T. 83), and that approximately three years prior to the hearing, she required assistance to put on her clothing (T. 83). A close scrutiny of the record has provided no indication that Plaintiff did not suffer daily from pain which restricted her most basic activities. Thus, the Court concludes that Plaintiff did have an impairment which prevented her from engaging in substantial gainful activity. Moreover, the duration of her impairment can be expected to last more than twelve months, in light of the fact that Plaintiff's condition has persisted since at least 1972, and her prognosis for recovery is guarded (T. 209, 243).

Finally, the ALJ concluded that no evidence existed to support a diagnosis of a nervous condition in Plaintiff (T. 19). Plaintiff submitted various reports, including a psychiatric evaluation from Dr. Gould, who examined Plaintiff on April 23, 1979. Upon consideration of this evidence, the Appeals Council concluded that Plaintiff's current impairment of severe hypochondrical neurosis could not be related to any time prior to the date upon which Plaintiff's insured status expired, because Plaintiff had not been treated by a psychiatrist during that time, and because there was no evidence in the record illustrating the existence of a significant emotional impairment prior to 1973. Before addressing the substantive inadequacies of these conclusions, a few comments are in order. The Court has already determined that the ALJ's finding of an impairment limiting Plaintiff to light work is not supported by substantial evidence. As previously emphasized, the evidence of record overwhelmingly establishes that Plaintiff was under a disability, due to chronic back strain, and the pain attendant thereto, which precluded her from any substantial gainful activity. Accordingly, the Administrative decision must be reversed on this basis alone. In order to thoroughly analyze the case, however, the Court has determined that the issue of Plaintiff's alleged psychological impairment must be discussed, as that matter was specifically considered by the Appeals Council, and has

been raised by both Plaintiff and Defendant in their respective briefs.

Initially, the Court notes that evidence of a "significant" mental impairment should not have been required by the Appeals Council. The correct approach to be applied in determining the existence of a disability should involve a consideration of "the cumulative effects of all claimant's impairments." *Talifero v. Califano*, 426 F.Supp. 1380, 1387 (W.D.Mo.1977). The Court in *Landers, supra*, 490 F.2d 1187 (8th Cir. 1974) further stated that:

> It is senseless to view several disabilities as isolated from one another as the medical advisors did here. Each illness standing alone, measured in the abstract, may not be disabling. But disability claimants are not to be evaluated as having several hypothetical and isolated illnesses. These claimants are real people and entitled to have their disabilities measured in terms of their total physiological well-being.

*Id.* at 1190. The Court finds the above reasoning persuasive, and accordingly concludes that if Plaintiff's psychological impairment relates back to her period of disability, the Secretary should have taken this illness into account, in conjunction with Plaintiff's other impairments.

An examination of the evidence submitted by Plaintiff to the Appeals Council (T. 239–248), and the evidence already of record, indicates the existence of an emotional impairment in Plaintiff prior to September 30, 1976. Plaintiff testified that she had experienced difficulty with her nerves since the time of her first injury in 1969 (T. 84), and that she experienced crying spells which have lessened as she became adjusted to her condition (T. 85). Further, Dr. Pavlatos' report of March 8, 1979, indicates the existence of depression as early as June, 1959, and specifically notes that subsequent to her automobile accident on March 24, 1972, Plaintiff "became extremely depressed and had increased difficulty in continuing her household duties as well as her job" (T. 242). Although Dr. Pavlatos ended his treatment of Plaintiff in February, 1973, it is reasonable to conclude that Plain-

tiff's depression was intensified, rather than alleviated in the time period subsequent to treatment by Dr. Pavlatos, particularly in light of the fact that Plaintiff was eventually forced to quit her employment because of pain (T. 58). The evaluation of Dr. Gould would ordinarily be entitled to slight consideration, due to the fact that his examination took place almost six years after the closure of Plaintiff's disability period. However, more weight must be given to Dr. Gould's conclusions in view of Dr. Pavlatos' observation of Plaintiff's severe injury-related depression prior to September 30, 1976. Although the evidence of emotional impairment, standing alone, would perhaps not have been sufficient to entitle Plaintiff to benefits, some credence should have been given to Plaintiff's claim of a nervous condition. Consequently, the Secretary erred in failing to address the cumulative effect of Plaintiff's depression, pain, and physical ailments upon her ability to engage in substantial gainful employment.

As previously indicated, the Court has concluded, after a *de novo* review of the record, that substantial evidence does not exist to support the decision of the ALJ. On this basis alone, the administrative decision must be reversed. In addition, the Court has also determined that the Secretary's modification and affirmance of the ALJ's decision was in error because the Secretary improperly failed to consider the cumulative effect of Plaintiff's disabilities.

V. PROCEDURE AFTER REVERSAL

Because the Court has determined to accept the recommendation of the Magistrate that the Secretary's decision should be reversed, the Court must next confront the question of whether a remand to the Secretary is necessary. 42 U.S.C. § 405(g) provides that the Court has the power to reverse the Secretary "with or without remanding the cause for hearing." The Courts have taken various factors into account in determining whether a case should be remanded to the Secretary after reversal. In *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975), the Court indicated that

remand is proper where there is merely an "inadvertent procedural or technical flaw in the administrative process that reasonably ought to be subject to correction." *Id.* at 668. Further, in *Sayers v. Gardner*, 380 F.2d 940 (6th Cir. 1967), the Court stated that remand would serve no purpose where "the proof of appellant's disability was strong, and the evidence to the contrary was lacking in substance." *Id.* at 955. *In accord: Breedon v. Weinberger*, 493 F.2d 1002 (4th Cir. 1973) (Court refused to remand where reopening the record for further evidence would serve no purpose).

An analysis of the record in this case indicates that remand would fulfill no legitimate purpose. The Court's *de novo* review of the evidence has indicated that the proof of Plaintiff's disability is indeed strong, with evidence to the contrary lacking in substance. Consequently, remand would not alter the fact of Plaintiff's disability, but would merely involve the presentation of cumulative evidence. Moreover, as the Secretary has already presented vocational testimony concerning light and sedentary work, a remand for further evidence of substantial gainful activity in which Plaintiff could engage would be a futile exercise. This is particularly true in light of this Court's conclusion that Plaintiff was unable, by virtue of her disability, to perform even sedentary activity. Thus, a remand would not only serve no purpose, it would in addition operate to further delay the issuance of benefits to Plaintiff. For these reasons, the Court declines to remand this matter to the Secretary for further consideration.

VI. CONCLUSION

Based on the foregoing analysis, the Court finds that:

(1) The Report and Recommended Decision of the Magistrate contains an adequate foundation for the conclusion that the Secretary's decision is not supported by substantial evidence, and said report is therefore adopted in its entirety;

(2) Defendant's objection to the Report of the Magistrate is not well taken and is overruled;

(3) The Plaintiff's Motion for Summary Judgment is well taken and is hereby granted. The Plaintiff is thus deemed entitled to disability benefits. Judgment is entered in favor of the Plaintiff and against the Defendant herein;

(4) The Defendant's motion for summary judgment is deemed to be not well taken and is, therefore, overruled.

Costs to be paid by the Defendant.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.