**Robert J. HAMILTON, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. C–3–79–347.**

United States District Court, S. D. Ohio, W. D.

Feb. 23, 1982.

John R. Workman, Columbus, Ohio, for plaintiff.

Joseph E. Kane, Columbus, Ohio, for defendant.

DECISION AND ENTRY ADOPTING REPORT OF MAGISTRATE IN ITS ENTIRETY; DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE OVERRULED; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SUSTAINED; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OVERRULED; CASE REMANDED TO DEFENDANT FOR COMPUTATION AND PAYMENT OF BENEFITS; TERMINATION ENTRY

RICE, District Judge.

I. INTRODUCTION

This matter is before the Court pursuant to Defendant's motion to review the Magistrate's Report and Recommendation, filed pursuant to 28 U.S.C. § 636(b)(1)(C), which said Report recommended that Plaintiff's motion for summary judgment be sustained, and that Defendant's motion for summary judgment be overruled. A synopsis of the history of this case is set forth below.

Plaintiff filed an application for disability insurance benefits on February 22, 1978, alleging that he had been disabled since July 28, 1977, due to arthritis of the spine and joints, a hearing impairment, and breathing problems. The claim was denied initially and upon reconsideration by the Social Security Administration (SSA), whereupon Plaintiff requested a hearing. On December 14, 1978, a hearing was held before an Administrative Law Judge (ALJ), before whom Plaintiff appeared with his wife, though not with an attorney. On June 21, 1979, the ALJ rendered a decision finding that Plaintiff was not under a disability, and denied his claim for benefits. Plaintiff then requested review of the ALJ's decision by the Appeals Council, and the Council affirmed the ALJ's decision on July 31, 1979.

On September 20, 1979, Plaintiff filed his complaint with this Court, seeking judicial review of the administrative decision. The matter was referred to the United States Magistrate on the same date, pursuant to 28 U.S.C. § 636(b)(1). Upon cross motions for summary judgment, the Magistrate, in a "Report and Recommendation" dated November 10, 1980, recommended that Plaintiff's motion be sustained and that Defendant's motion be overruled.

Defendant then filed a motion to review the Report on November 24, 1980, pursuant to 28 U.S.C. § 636(b)(1)(C).

II. DE NOVO REVIEW

In reviewing the decision of the Secretary, the Magistrate's task is to determine if that decision is supported by "substantial evidence." Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Report of the Magistrate, is required to make a de novo review of those recommendations of the Magistrate's Report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of fact by the Secretary are supported by "substantial evidence." 42 U.S.C. § 405(g); *Parish v. Califano*, 642

F.2d 188, 189 (6th Cir. 1981). The Supreme Court has stated that substantial evidence means:

> [M]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

To obtain benefits under the Social Security Act, the burden is initially on the claimant to show disability which prevents him from performing his usual work. The disability must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3). Once the claimant establishes a prima facie case of disability, the burden shifts to the Secretary to go forward with proof that the claimant has residual capacity for substantial gainful employment, and that there are jobs in the national economy which the claimant can perform. *Young v. Califano*, 633 F.2d 469, 470 (6th Cir. 1980); *Slaven v. Harris*, 508 F.Supp. 280, 283 (S.D.Ohio 1981). To meet this burden, the Secretary must receive evidence to show that the claimant can engage in substantial gainful work in light of the claimant's age, education, work experience, and physical condition. 42 U.S.C. § 423(d)(2)(A). The preferred method of receiving such evidence is through the testimony of a vocational expert. *O'Banner v. Secretary of Health, Education & Welfare*, 587 F.2d 321 (6th Cir. 1978).

The evidence indicates that Plaintiff was born on September 12, 1921, and completed the seventh grade. (T. 23–24). From the early 1960's to February 16, 1978, Plaintiff worked at a variety of jobs at the Miller Meteor Company in Piqua, Ohio. Said jobs, which included work as a janitor, sander, extrusion fabricator, line assembler, machine operator, and spray painter, all required considerable standing, and lifting and pushing of weights up to eighty pounds (T. 26–35). Plaintiff quit work in February of 1978, due to arthritis and pain in the back, joints and hands. (T. 33–34). Plaintiff amended the alleged onset date of disability to February 17, 1978, at the hearing before the ALJ. (T. 35).

At the hearing, Plaintiff testified as to his inability to continue work. Aside from claiming the presence of disabling pain, Plaintiff also stated that, due to arthritis, his right little finger is curled and he often drops objects (T. 48–49), that he can only sit for 45 minutes to one hour and needs to lie down frequently (T. 51–52), and described a "typical" day in his life, which, for the most part, involved lying down and taking brief walks. (T. 57). At one point in the hearing, Plaintiff stood up for several minutes to relieve the pain. (T. 51).

Plaintiff's ailments are also the subject of a number of medical reports in the record. A report by Dr. Zarraby concluded that Plaintiff suffered from "obstructive pulmonary disease" and "pain in most of the joints, especially in the back and knees probably due to arthritis." (T. 114). X-rays performed during Dr. Zarraby's examination confirmed the existence of arthritis in the spine and knees. (T. 117). A report by Dr. Weis, who treated Plaintiff a number of times in 1978 (T. 135), stated that Plaintiff had "very severe" pain in the "dorsal lumbar area," that he walks very stiffly and has arthritis of the spine and all the joints. (T. 111). The report noted that his response to "intramuscular injections and oral medications" was "fair to poor at times," and concluded that Plaintiff was "totally disabled." (T. 111). A third report, by Dr. Griffin, was somewhat more optimistic, noting that Plaintiff retained full motion in all joints despite his complaints of pain (T. 139), though Dr. Griffin did conclude that Plaintiff suffered from "[d]egenerative joint disease of the cervical spine with mechanical pain." (T. 140). Based on the report, Dr. Griffin filled out a Physical Capacities Evaluation, which stated, *inter alia*, that Plaintiff could sit eight hours and stand or walk four hours in an eight-hour day, and that he could lift or carry 21–50 pounds "occasionally" and 11–20 pounds "frequently." (T. 141). Finally,

a psychological report by Dr. Barna concluded that Plaintiff had the mental and emotional capability to return to employment. (T. 150).

After reviewing the evidence summarized herein, the ALJ held that Plaintiff had met his burden of showing that he was unable to perform his usual work. (T. 14). However, the ALJ further held that the Secretary had met his burden of showing that Plaintiff had the residual functional capacity to perform medium work. (T. 14). While the ALJ characterized Plaintiff as an "honest witness" (T. 9), he nevertheless discounted Plaintiff's complaints of pain, by finding that the medical evidence did not support said complaints, at least to the extent that the pain prevented him from working. (T. 13). In particular, the ALJ relied on Dr. Griffin's report and the fact that Plaintiff testified that he was not taking pain medication. (T. 13). He dismissed the findings of Dr. Weis as being unsupported by "specific and complete clinical findings." (T. 12). Finding that Plaintiff possessed the residual functional capacity to perform "medium" work, as defined in 20 C.F.R. § 404.1510(d) (1979), the ALJ, by applying the criteria of 20 C.F.R. Subpart P., App. 2, Rule 203.11 (1979), found Plaintiff not to be disabled. (T. 14).

Upon review, the Magistrate noted that when Plaintiff met his burden of showing an inability to return to his usual work, there was established a "prima facie case of disability." Report at 5. However, the Magistrate held, for two reasons, that there was no substantial evidence to support a conclusion that the Secretary had met his burden. First, the Magistrate held that the ALJ could not rely on a "catch-all" phrase like "medium" work, which failed to specify jobs for the Plaintiff in light of his age, education, work experience and impairments, particularly noting the absence of evidence from a vocational expert. Id. Second, the Magistrate held the ALJ's conclusion, that Plaintiff was not suffering from disabling pain, was unsupported by substantial evidence because:

The ALJ found Plaintiff to be a credible witness, plaintiff testified that he suffered severe pain, and there is clinical and laboratory diagnostic support concerning Plaintiff's degenerative joint disease of the cervical spine with mechanical pain.

Report at 6. For these reasons, the Magistrate recommended that Plaintiff's summary judgment motion be sustained, and that the Defendant's summary judgment motion be overruled. Id.

In his motion to review the Magistrate's Report and Recommendations, the Secretary advances two objections to said Report. First, he argues that the use of the regulations instead of a vocational expert was entirely proper, since the ALJ, through the regulations, can take "administrative notice" of jobs which could be performed by the claimant. Second, he argues that there *was* substantial evidence to support the ALJ's determination that Plaintiff's pain was not so disabling so as to prevent him from engaging in substantial gainful activity.

The Court will address Defendant's objections to the Magistrate's Report in reverse order.

■ At the outset, the Court notes that the ALJ applied an erroneous legal standard to Plaintiff's subjective complaints of pain. In the within case, the ALJ stated that he

also considered the claimant's allegations of disabling pain. In order for the pain to be considered disabling, such pain must be substantiated by probative medical evidence, be inadequately responsive to reasonable medical management and be at a level of severity that it has resulted in a debilitated functional capacity incompatible with the performance of substantial gainful work activity.

(T. 12). This Court recently considered an identical standard utilized by an ALJ in considering a claimant's complaints of pain, and found said standard to be incompatible with precedent in this Circuit. *Estes v. Harris*, 512 F.Supp. 1106, 1114 (S.D.Ohio 1981). Specifically, this Court held that,

contrary to the test cited by the ALJ, disabling pain need not be *necessarily* accompanied by objectively observable symptoms. *Id.* (citing *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965)). Moreover, the Court pointed out that there "is no requirement that the underlying medical basis for subjective complaints of pain clearly indicate that such pain would be inevitable." *Id.* (quoting *Beavers v. Secretary of Health, Ed. and Welfare*, 577 F.2d 383, 386 (6th Cir. 1978)). In the present case, the ALJ stated that "no physician of record has documented the clinical existence of severe and persistent pain." (T. 12–13).

■ The application of an incorrect legal standard by the ALJ might suggest that this case should be remanded to the Secretary, without any further consideration of the evidence by this Court. *See, Guy v. Schweiker*, 532 F.Supp. 493, 498 (S.D. Ohio 1982). However, even under his own standard, a careful review of the medical evidence indicates that the ALJ's decision is not supported by substantial evidence. Therefore, a remand will not be ordered.

As previously noted, the ALJ rejected the conclusions of the Weis report, which stated that Plaintiff was "totally disabled" due to arthritic pain. Such a rejection of one doctor's opinion is within the perogative of the ALJ *if* the resolution of a conflict among medical reports is supported by substantial evidence. *LeMaster v. Weinberger*, 533 F.2d 337 (6th Cir. 1976); *Persons v. Secretary of Health and Human Services*, 526 F.Supp. 1202, 1205 (S.D.Ohio 1981). In the herein case, such a "conflict" can hardly be said to exist, since *all* of the medical reports set forth the existence of Plaintiff's arthritis and accompanying pain. As previously summarized in this opinion, even the report of Dr. Griffin, heavily relied upon by the ALJ, concludes that Plaintiff was in pain. Indeed, Dr. Griffin's completion of the physical capacities evaluation, which indicated that Plaintiff was capable of a wide range of activity, is curious, if not unconvincing, in light of the conclusions in his own medical report.

In addition, the ALJ, in finding that Plaintiff did not suffer from disabling pain, placed reliance on his demeanor at the hearing, and his testimony that he did not take pain pills. (T. 13). While the ALJ's credibility finding is owed deference, *Beavers, supra*, 577 F.2d at 387, it cannot be considered dispositive, particularly where, as here, the ALJ himself stated that Plaintiff was an "honest witness." Furthermore, the apparent lack of usage of pain medication, while one factor to be considered, *see, e.g., New v. Harris*, 505 F.Supp. 721, 725 (S.D. Ohio 1980), is similarly not dispositive of the case herein. Plaintiff's wife did testify that he took aspirin for the pain on a regular basis. (T. 64). Also, Dr. Weis' report indicated that pain medication had been administered to Plaintiff, with unsuccessful results. The other medical reports simply did not indicate whether there was any such treatment.

Thus, the ALJ applied an incorrect legal standard, and his findings, even under his own standard, are not supported by substantial evidence. Accordingly, Defendant's second objection to the Magistrate's Report and Recommendation is not well taken, and the same is hereby overruled.

This conclusion brings the Court to Defendant's first objection to the Magistrate's Report. As outlined above, the ALJ, in finding that the Secretary had met his burden, relied entirely on Dr. Griffin's evaluation and the SSA regulations. This Court has previously held that said regulations must be applied with great caution, *see, Colyer v. Harris*, 519 F.Supp. 692, 694–95 (S.D.Ohio 1981), since a "claimant's capacity to perform must be evaluated in light of *his* age, *his* education, *his* work experience and *his* impairments, including *his* pain." *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978) (emphasis in original). The ALJ is required to make "a finding of capacity to work which is expressed, not in terms of a vague catchall phrase such as ['medium'] work, but in terms of specific types of jobs." *Id.* at 362–63. In the within case, the ALJ made a finding that Plaintiff could engage in "medium" work (T. 13–14), but did not relate this alleged capacity to perform such work to specific jobs. For this

reason alone, this Court would be inclined to agree with the Magistrate, Report at 5, that the ALJ's use of the SSA regulations would not suffice to meet the Secretary's burden. *See, Colyer v. Harris, supra*, 519 F.Supp. at 695.

Moreover, given Plaintiff's arthritic pain, it is very doubtful that he has the capacity to perform "medium" work. The regulations assume, of course, that each criterion of a rule has been satisfied before the rule is applied. *Perez v. Schweiker*, 653 F.2d 997, 1000 (5th Cir. 1981); *Stewart v. Harris*, 508 F.Supp. 345 (D.N.J.1981). Absent Plaintiff's capacity to perform "medium" work, the regulation would simply not apply. *See*, 20 C.F.R. Subpart P. App. 2, § 203.00(b) (Rule 203.11 assumes claimant has functional capacity to perform medium work). According to the regulations in force at the time,

> Medium work entails lifting 50 pounds maximum with frequent lifting or carrying of objects weighing up to 25 pounds. The functional capacity to perform medium work includes the functional capacity to perform sedentary work and light work as well.

20 C.F.R. § 404.1510(d) (1979). Given the evidence in the record supporting Plaintiff's claims of pain, which considerably undermines the persuasiveness of Dr. Griffin's physical capacities evaluation, it seems unlikely that he could frequently lift or carry objects weighing up to 25 pounds, or meet the other criteria involved in the ability to perform "medium work." The ALJ himself found that Plaintiff's *past* work was considered "medium to heavy" in nature. (T. 13). Since Defendant does not contest that Plaintiff cannot perform his *past* work, it is unclear how Plaintiff can *now* perform "medium" work. Hence, the ALJ's finding that Plaintiff could engage in medium work is not supported by substantial evidence.

Accordingly, Defendant's first objection to the Magistrate's Report is not well taken, and the same is hereby overruled.

## III.  CONCLUSION

▆ Based on the above analysis of facts and legal principles, the Court finds that the objections of the Defendant to the Report and Recommendation of the Magistrate are not well taken, and the Court finds that said Report and Recommendation should be adopted in its entirety. It is so ordered. Additionally, the Court finds the proof of Plaintiff's disability to be relatively strong, and that a remand for the taking of further evidence or other proceedings would not be appropriate. *Estes v. Harris, supra*, 512 F.Supp. at 1116. In particular, the Court notes that even if the evidence would support a finding that Plaintiff was capable of "sedentary" or "light" work, as defined by the regulations, he would be classified by the applicable rules as "disabled." *See*, 20 C.F.R. Subpart P, App. 2, Rules 201.01, 201.02, 202.01 & 202.02 (1979).

WHEREFORE, based upon the aforesaid, this Court sustains Plaintiff's motion for summary judgment, overrules Defendant's motion for summary judgment and remands this matter to the Secretary for the computation and payment of benefits to Plaintiff.

Costs are to be paid by the Defendant.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.