IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-20595

CARLMONT CAPITAL SPECIAL PURPOSE CORPORATION II; MEDICAL
CAPITAL CORPORATION

Plaintiffs - Appellees

v.

ANTHONY ANDERSON, Individually

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:06-CV-598

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

We have reviewed the briefs, pertinent portions of the record, and the applicable law and have heard the arguments of counsel.

We find no reversible error in the district court's denial of Appellant Anthony Anderson's motion to dismiss for lack of personal jurisdiction. In particular, the record fully supports the district court's finding that Anderson was the "alter ego" of Health II of Texas LLC ("Health II"), an entity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

undisputably subject to personal jurisdiction in that court. The district court therefore properly exercised personal jurisdiction over Anderson. See Compaq Computer Corp. v. Ergonome Inc., 387 F.3d 403, 412 n.7 (5th Cir. 2004) (noting that "[p]ersonal jurisdiction may be established over a corporate officer by establishing that the individual is an alter ego of a corporation over which the district court has established personal jurisdiction"). In addition, Anderson's appeal of the district court's denial of his motion to dismiss for failure to plead fraud with particularity is moot; this court refuses to review the denial of a challenge to the sufficiency of a complaint after a final judgment has been entered. See, e.g., Bennett v. Pippin, 74 F.3d 578, 585 (5th Cir. 1996) (holding that "[w]hen the plaintiff has prevailed after a full trial on the merits, a district court's denial of a Rule 12(b)(6) dismissal becomes moot" and refusing to hear the issue).

We also find no reversible error in the district court's grant of summary judgment against Anderson. Though the district court may indeed have failed to comply with the ten-day notice requirement before entering summary judgment sua sponte, its error was harmless because Anderson was "afforded an opportunity . . . to present the [district] court with evidence supporting [his] arguments" in the two motions he filed after entry of summary judgment. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 402 (5th Cir. 1998). Anderson failed to introduce, and does not even argue on appeal that he has, any new evidence. See Love v. Nat'l Med. Enters., 230 F.3d 765, 771 (5th Cir. 2000) (holding that "the failure to provide notice may be harmless error . . . when the nonmovant has no additional evidence"). Therefore, the district court's failure to provide the required pre-summary judgment notice does not warrant reversal.

Anderson's substantive challenges to the summary judgment order are similarly unavailing. The record adequately establishes that no genuine issue

of material fact exists.  Contrary to Anderson's assertion, the district court's summary judgment order is not "opaque and unilluminating" as to the relevant facts and law supporting the judgment such that this court "has no basis upon which to affirm the judgment."  Granite Auto Leasing Corp. v. Carter Mfg. Co., 546 F.2d 654, 656 (5th Cir. 1977) (internal quotation omitted).  Federal Rule of Civil Procedure 52(a) does not require "findings of facts and conclusions of law" on decisions of motions under Rule 56.  Moreover, a review of the record reveals that the district court clearly indicated during a conference with all parties present that its decision was based on Health II's contractual assumption of its predecessor's liabilities, including its liabilities to Appellees, and its finding that Anderson was the "alter ego" of Health II.  Therefore, the relevant legal and factual basis for the district court's judgment are sufficiently clear to allow a proper review of Anderson's appeal.

For the foregoing reasons, the judgment of the district court is AFFIRMED.