**Rosa Lee PERSONS, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. C–3–79–158.**

United States District Court,
S. D. Ohio, W. D.

Nov. 25, 1981.

---

Steven B. Horenstein, Lang, Horenstein & Dunlevy, Dayton, Ohio, for plaintiff.

Joseph E. Kane, Asst. U. S. Atty., Columbus, Ohio, for defendant.

DECISION AND ENTRY ADOPTING REPORT OF MAGISTRATE IN ITS ENTIRETY; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OVERRULED; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SUSTAINED; JUDGMENT TO DEFENDANT; ENTRY OF JUDGMENT; TERMINATION ENTRY

RICE, District Judge.

## I. INTRODUCTION

This matter is before the Court pursuant to Plaintiff's objection (motion to review), filed pursuant to 28 U.S.C. § 636(b)(1)(C), to the Magistrate's recommendation that Defendant's motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied. A synopsis of the history of this case is set forth below.

Plaintiff filed an application for Supplemental Security Income on September 16, 1977, alleging that she had been disabled due to heart pain, hand and leg arthritis, bronchitis, and other ailments. The claim was denied initially and upon reconsideration by the Social Security Administration, whereupon Plaintiff requested a hearing. On May 24, 1978, a hearing was held before an Administrative Law Judge (ALJ), before whom Plaintiff appeared with her attorney. In addition, the ALJ received testimony from Dr. George Parsons, a vocational expert. On December 28, 1978, the ALJ rendered a decision finding that Plaintiff was not disabled, for the reason that, in spite of Plaintiff's medical impairments, she was able to engage in other substantial gainful work. Plaintiff then requested review by the Appeals Council. The Council affirmed the ALJ's decision on March 9, 1979.

On April 5, 1979, Plaintiff filed her complaint with this Court, seeking judicial review of the administrative decision. The matter was referred to the United States Magistrate on April 9, 1979, pursuant to 28 U.S.C. § 636(b)(1). Upon cross motions for summary judgment, the Magistrate, in a "Report and Recommendation" dated July 8, 1980, recommended that the motion for summary judgment by Plaintiff be denied and that the motion for summary judgment by Defendant be granted, for the reason that the Secretary's decision was supported by substantial evidence.

Plaintiff then filed a motion to review the Report of the Magistrate on July 16, 1980, pursuant to 28 U.S.C. § 636(b)(1)(C).

## II. DE NOVO REVIEW

In reviewing the decision of the Secretary, the Magistrate's task is to determine

if that decision is supported by "substantial evidence." Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Report of the Magistrate, is required to make a *de novo* review of those recommendations of the Magistrate's Report to which objection is made. This *de novo* review, in turn, requires this Court to reexamine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of fact by the Secretary are supported by "substantial evidence." 42 U.S.C. § 405(g); *Parish v. Califano*, 642 F.2d 188, 189 (6th Cir. 1981). The Supreme Court has stated that substantial evidence means:

> [M]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

To obtain benefits under the Social Security Act, the burden is initially on the claimant to show disability which prevents her from performing her usual work. The disability must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(C). Once the claimant establishes a prima facie case of disability, the burden shifts to the Secretary to go forward with proof that the claimant has residual capacity for substantial gainful employment, and that there are jobs in the national economy which the claimant can perform. *Young v. Califano*, 633 F.2d 469, 470 (6th Cir. 1980); *Slaven v. Harris*, 508 F.Supp. 280, 283 (S.D. Ohio 1981). To meet this burden, the Secretary must receive evidence to show that the claimant can engage in substantial gainful work in light of the claimant's age, education, work experience, and physical condition. 42 U.S.C. § 1382c(a)(3)(A). The preferred method of receiving such evidence is through the testimony of a vocational expert. *O'Banner v. Secretary of Health, Education & Welfare*, 587 F.2d 321 (6th Cir. 1978).

The evidence shows that Plaintiff is fifty years old, unmarried, the mother of seven children (two of whom still live with her), and that she has worked as a laundress, cook, nurse's aid, and teacher's aid (T. 31–35). She suffered a nervous breakdown in 1972, and has been unable to work since then due to, she says, heart, kidney, and back pain, leg and hand arthritis, and bronchitis (T. 34). She is under medication for high blood pressure and bronchitis (T. 36–39). The pain from those assorted ailments, Plaintiff contends, prevents her from working and hinders her in going about daily activities (T. 43–49).

In his decision, the ALJ, after reviewing the reports of a number of physicians who had examined Plaintiff, and other evidence in the record, concluded that despite her impairments, she could still engage in substantial gainful work (T. 16). He particularly noted that he could not "fully accept" her complaints of pain and other symptoms, "in view of the medical and other evidence" presented in the record (T. 15).

Upon cross motions for summary judgment, the United States Magistrate in his Report recommended that Plaintiff's motion be denied and Defendant's motion be granted, holding that the findings of fact and the conclusions of the ALJ were supported by substantial evidence. (Magistrate's Report at 4–5). Upon reviewing all the evidence in the record, this Court is in agreement with the recommendation of the Magistrate.

Plaintiff raises two principal objections to the Magistrate's Report, to wit: the medical evidence was *not* inconsistent with her complaints of pain and, in any event, the ALJ did not specifically refer to the purported inconsistencies, and the questioning of the vocational expert by the ALJ was prejudicial. Both objections are without merit.

■■ With respect to the first objection, it is settled that pain alone can amount to a disability, but the Secretary is not required to fully credit a claimant's subjective complaints of pain and discomfort if there is not "an underlying medical basis" for them.

*McCann v. Califano*, 621 F.2d 829, 832 (6th Cir. 1980). Moreover, such a credibility finding is owed "special deference . . . and should not be discarded lightly." *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

█ A review of the record in this case indicates that the ALJ had a basis for not fully crediting Plaintiff's complaints of pain. For example, a report from the St. Elizabeth Medical Center, dated April 30, 1976, noted that while Plaintiff suffered from a nonfunctioning left kidney, hypertension and obesity, her chest x-ray and EKG were normal, and her motor, sensory, and cerebral functions were intact (T. 86–92). Similarly, reports by Drs. Goel (T. 95–96) and Apter (T. 99) (dated October 6, 1977, and March 4, 1978, respectively) both indicated that Plaintiff suffered from hypertension, but that she exhibited no joint abnormalities or swelling, that there was no evidence of active arthritis, and that her muscle strength in the upper and lower extremities was normal. Finally, a report from Dr. Cherry, a psychologist, dated February 23, 1978, indicated that Plaintiff suffered from depression, but that her intelligence test scores and neurological functioning were normal. He concluded that a "job in the employment services area might be appropriate if Rosa can deal with her physical and psychological difficulties." (T. 112–114). The ALJ relied on these reports in making his decision (T. 12–14).

One medical report in the record did make findings that tended to substantiate Plaintiff's complaints of disabling pain. The report was filed by Dr. Singla on October 1, 1976. Dr. Singla noted that Plaintiff continued to have pain in the back and lower abdomen, possibly due to the nonfunctioning kidney. He concluded that "with all the pathology and her symptoms . . . her capacity to carry on the physical activity is limited." (T. 109–110). This report was also noted and summarized by the ALJ (T. 12).

█ These reports indicate that there is substantial evidence to support the ALJ's refusal to fully credit Plaintiff's complaints of pain. The ALJ implicitly, in whole or in part, rejected the findings of Dr. Singla. Such a rejection of one doctor's opinion is proper if the resolution of a conflict among medical reports is supported by substantial evidence. *LeMaster v. Weinberger*, 533 F.2d 337 (6th Cir. 1976). It is not this Court's function to abrogate the Secretary's duty to evaluate and resolve conflicting medical testimony. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981). The ALJ's extensive review of all these reports also puts to rest Plaintiff's objection that the ALJ did not "specifically" indicate the inconsistencies between Plaintiff's complaints and the medical testimony in the record.

While the ALJ did not fully credit Plaintiff's complaints of pain, he did implicitly find that Plaintiff had met her burden of showing that she could not perform her usual work. (The ALJ did not specifically reach such a conclusion. However, the ALJ was clearly aware of, and properly applied, the burden-shifting test since he reviewed the applicable provisions of the Social Security Act (T. 10–11), and discussed Plaintiff's residual capacity to engage in other substantial gainful work (T. 14–16)). Based on the testimony of Dr. Parsons, the ALJ found that the Secretary had met his burden, in that Plaintiff had a residual capacity to work as a personal property clerk, night clerk, tray assembler, fruit assembler, coupon clerk, and companion (T. 15–16).

Plaintiff's second objection to the Magistrate's Report and Recommendation focuses in on the ALJ's questioning of the vocational expert, Dr. Parsons. The ALJ asked two questions of Dr. Parsons concerning Plaintiff's ability to engage in substantial gainful work. The first question assumed that Plaintiff was impaired to the extent of her testimony, and Dr. Parsons answered that she could *not* engage in substantial gainful work. In contrast, the second question asked Dr. Parsons to take into consideration the exhibits in the record relevant to Plaintiff's physical or mental impairments, and he responded that she *could* engage in substantial gainful work (T. 52).

Plaintiff argues that the second hypothetical question was improper, since it failed to take into account her subjective complaints. However, as the Magistrate correctly observed (Magistrate's Report at 5), it was not improper for the ALJ to pose two hypothetical questions as he did. The ALJ could rely on the answer to the second question when he had a basis, as noted above, not to fully credit Plaintiff's subjective complaints.

Accordingly, after a review of the entire record, the Court finds that the decision of the Secretary is supported by substantial evidence.

## III. CONCLUSION

Based on the above analysis of facts and legal principles, the Court finds that the objections of the Plaintiff to the Report and Recommendation of the Magistrate are not well taken, and the Court finds that said Report and Recommendation of the Magistrate should be adopted in its entirety. It is so ordered.

Wherefore, based on the aforesaid, this Court overrules the Plaintiff's motion for summary judgment and sustains and grants that of the Defendant, thus granting final judgment in favor of the Defendant and against the Plaintiff herein.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.