869 F.2d 1492
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Iva D. PATE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1837.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Iva Pate moves for counsel and in forma pauperis status and appeals from the district court's judgment affirming the Secretary's denial of her application for social security disability benefits. The case has been referred to panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pate alleged that a lower back injury in March 1984 caused disabling pain in her lower back and legs. The Secretary found that she had severe chronic low back pain and depression, but her testimony concerning her limiting symptoms was not entirely credible. While she was unable to perform her past relevant work, she had the residual functional capacity to perform a wide range of sedentary work. Thus, the Secretary concluded, she was not disabled and was not entitled to benefits. The appeals council affirmed.
 
 
 3
 Pate then filed in district court for review of the denial. Upon review of the record, the district court decided that Pate was not disabled for purposes of the Social Security Act, and that the Secretary's decision denying Pate's request for Social Security disability benefits was supported by substantial evidence. Pate then filed this appeal.
 
 
 4
 The standard of review in this case is whether the Secretary's decision is supported by substantial evidence. See Richardson v. Perales, 402 U.S. 387 (1971). Upon consideration, we conclude that there is substantial evidence in the record to support the Secretary's determination that Pate was not entitled to benefits.
 
 
 5
 Pate claims that the administrative law judge (ALJ) did not properly evaluate her complaints of disabling pain by finding that she was not a credible witness. Although pain caused by an impairment can be disabling, the ALJ's conclusions about credibility should not be discarded lightly since determinations based on pain depend largely on the claimant's credibility. See Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir.1984). A disability claim cannot be supported by subjective complaints of pain. There must be evidence of an underlying medical condition supported by objective medical evidence to confirm the severity of the alleged pain arising from that condition; or, the objectively determined medical condition must be severe enough that it can reasonably be expected to give rise to the alleged pain. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986).
 
 
 6
 As the district court stated, there is no objective medical evidence to confirm the severity of Pate's alleged disabling pain, nor is there any objectively determined medical condition which is severe enough to reasonably be expected to give rise to the pain. Pate's myelogram, lumbar spine x-rays, and CAT scan were all negative. None of the doctors who she saw reported objective findings consistent with Pate's complaints of disabling pain. According to her treating physician, an EMG study on March 18, 1986, of the upper extremities was normal.
 
 
 7
 Furthermore, the ALJ properly determined that Pate's subjective complaints of pain are insufficient to support a determination of disability. In order to reject plaintiff's subjective complaints of pain, the ALJ cannot rely solely on personal observation of plaintiff, but must base the credibility determination on "some other evidence." Weaver v. Secretary of Health and Human Services, 722 F.2d 310, 312 (6th Cir.1983) (emphasis in original); see also Persons v. Secretary of Health and Human Services, 526 F.Supp. 1202 (S.D.Ohio 1981). In light of the ALJ's opportunity to observe the individual's demeanor, the ALJ's credibility finding is entitled to deference and should not be discarded lightly. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 538 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983); Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 386-87 (6th Cir.1978). Given the deference owed to the ALJ's determination regarding Pate's subjective complaints of pain, as well as the clinical findings discussed above, the court correctly concluded that the ALJ's findings that Pate's impairments do not significantly limit her ability to perform sedentary work is supported by substantial evidence in the record and is thus affirmed.
 
 
 8
 Next, Pate argues that the treating physician's testimony was not given the appropriate weight. Great deference is given to medical opinions and diagnoses of treating physicians. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985). Complete deference is given when these opinions are contradicted. However, in both instances, the opinion of the treating physician must be based on sufficient medical data. See Garner v. Heckler, 745 F.2d 383, 391 (6th Cir.1984); Houston, 736 F.2d at 367. The opinions of Pate's physicians do not support the conclusion that Pate is disabled from the kind of work that the defendant found she could perform. Dr. Sprague and Dr. Walker note that there is a lack of significant objective organic pathology and that her problem appears to be subjective. According to her doctors, she has strains and discomfort, but no significant abnormalities of her spine. Thus, the limitations placed on her by her doctors are not inconsistent with the performance of sedentary work.
 
 
 9
 Pate also alleges that the defendant has failed to demonstrate that there is work in the national economy that she can perform. However, Dr. Holen indicated that although she should lose weight, she would have no problems walking several hours a day and that she would probably do best at a job where she primarily sat. This is consistent with the finding that she could perform a limited range of sedentary work and the jobs identified by the vocational expert at the hearing. The vocational expert identified approximately 3,700 jobs including unskilled bench work which Pate could perform. As a result, the vocational expert's opinion provides substantial evidence for determining that she could perform work.
 
 
 10
 Next, the ALJ correctly relied on the grid to direct the disability determination. The use of the guidelines has been approved by the courts. Kirk, 667 F.2d at 532. The courts have held that if the components of the grid are satisfied, they direct a conclusion of disabled or not disabled. Only if non-exertional limitations significantly restrict a claimant's full range of work at a designated level is application of the grid improper to direct a conclusion of disability. In that case, these limitations must be taken into consideration and the grid can only be used as a guide. See Kirk, 667 F.2d at 258. Furthermore, the courts have held that the Secretary can use the grid or a vocational expert in determining disability. Kirk, 667 F.2d at 530-531. Thus, Pate's claim in this regard is without merit.
 
 
 11
 Finally, Pate has not demonstrated that the duration and degree of her depression restricts her ability to function on a daily basis. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 (6th Cir.1986) (per curiam). Thus, her depression cannot support a finding of disability.
 
 
 12
 For these reasons, the motions for appointment of counsel and in forma pauperis status are hereby denied and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.