Josephine **YORK**, Administratrix of the Estate of Sim York, Plaintiff-Appellant,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 18049.

United States Court of Appeals Sixth Circuit.

July 16, 1968.

**210**

William A. Watson, Middlesboro, Ky., for appellant, Watson & Watson, Middlesboro, Ky., on the brief.

Moss Noble, Asst. U. S. Atty., Lexington, Ky., for appellee, George I. Cline, U. S. Atty., Lexington, Ky., on the brief.

Before EDWARDS, PECK and COMBS, Circuit Judges.

PER CURIAM.

This is still another appeal from the denial of a claim for total and permanent disability from a resident of Harlan County, Kentucky. The Secretary of Health, Education and Welfare found residual capacity for substantial gainful employment. This finding was affirmed by the District Court for the Eastern District of Kentucky.

In May of 1962 appellant's husband,[1] then a 40-year-old man, was working as a carpenter's helper when a scaffold broke and he fell 12 feet, suffering a compression fracture of the spine. Although this injury healed, appellant has not worked since that date. He suffered arthritis of the spine and limitation of motion in his left shoulder, which one orthopedic surgeon suggests resulted from the immobilization following the spinal injury.

A review of this record convinces us, as it did the District Judge, that the physical limitations resulting from the injury, while severe, did not of themselves disable the injured man from all gainful employment. But there is also strong psychiatric testimony in the record indicating that he suffered from a serious psychoneurosis which was itself disabling.

The record contains reports from several expert witnesses who found Sim York completely disabled. One psychiatrist, Dr. Foltz, to whom appellant was referred for an examination at government expense, found him "completely disabled due to his neurosis"; adding that he saw no way to rehabilitate him. The government relies upon the report of another psychiatrist, Dr. Nelson, who seemed more hopeful about ultimate rehabilitation. He thought York should be seen again in 18 months. This case, however, was tried under the 1965 amendment to the Social Security Act which requires plaintiff to prove disability defined as:

"The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; or * * *" 42 U.S.C. § 423(c) (2) (A) (Supp. II, 1965–1966).

Under this standard, we find in this record no substantial evidence to support the findings of the Secretary denying disability benefits.

The judgment is reversed and the case is remanded to the Secretary for the allowance of disability benefits. Branham v. Gardner, 383 F.2d 614 (6th Cir 1967).

I. Sim York died while this appeal was pending leaving a wife and minor children.